GEORGE C. THOMAS

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 29, 1894.*

1. SPECIAL ASSESSMENTS—*restored assessment roll admissible in evidence.* A special assessment roll, when lost or destroyed, may be restored by order of court, and the restored copy becomes the assessment roll in the case, and as such is admissible in evidence.

2. SAME—*instruction as to what constitutes benefit to property.* An instruction directing the jury to consider "whether or not the market value of the property for any legitimate purpose for which the same may be used will be increased by reason of the improvement," is not erroneous, as failing to direct the inquiry to the *present* market value, the present time being implied.

3. SAME—*insufficient description of property.* An objection that the property is not sufficiently described will not be heard for the first time in a court of review.

4. EVIDENCE—*mere repetitions may be excluded.* It is not error to exclude that which would be a mere repetition of what the witness has already testified to.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. LORENZO E. DOW, and Mr. CHARLES A. ALLEN, for the appellant.

Mr. M. W. ROBINSON, Mr. LOCKWOOD HONORE, Mr. W. E. THORNE, and Mr. ADOLF KRAUS, Corporation Counsel, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was a special assessment proceeding to raise money to pay the compensation and damages awarded to property owners for the opening of North Fiftieth street, from West Forty-eighth street to West Fifty-second street, in the city of Chicago. On December 12, 1892, appellee filed its supplemental petition, as provided by the statute, setting forth the previous condemnation proceedings, and

praying that an assessment might be made of property benefited by the improvement to pay the condemnation money allowed. On January 7, 1893, an assessment roll was filed in the Superior Court of Cook county by the commissioners theretofore appointed, describing the real estate deemed by them to be specially benefited by the improvement, showing the amount assessed against each piece of property and the names of the respective owners. To that assessment objections were duly filed. On June 14, 1893, it was shown to the Superior Court that this assessment roll had been lost and could not be found. On motion of counsel for the city, leave was granted to file a certified and sworn copy of the same *nunc pro tunc* as of the date of filing the original, and a rule was entered upon the attorneys for the objectors to re-file their objections. The assessment roll being accordingly supplied by copy and the objections again filed, the case proceeded to a hearing, upon which the assessment was confirmed, and appellant, one of the objectors, appealed.

The first ground of reversal urged is, admitting in evidence, on the trial, the copy of the original assessment roll. In such a proceeding the assessment roll is a part of the record, and when lost or destroyed may be restored by proper order of the court, as may other files in a case. When the copy was introduced in evidence it had become a part of the record and stood in the place of the original, and became, to all intents and purposes, the assessment roll in the case. The practice adopted by the Superior Court was in conformity with that suggested in *Morrison* v. *City of Chicago*, 142 Ill. 660. There was no error in admitting the copy, after it had been filed by order of the court, to take the place of the original.

It was contended by appellant, under his objections, that his property was not benefited by the improvement. The basis of this contention was, that the property is more valuable for gardening than any other purpose, being used at the time for such purpose, and that the opening of the

street, which would run along one side of it, would in no
way benefit it.   The Superior Court, against his objec-
tion, permitted Charles N. Robers, a witness for the city,
to state "that in the locality of the land in question, when
land was rented for gardening purposes, it was rented by
the acre, and the acreage usually figured to the center of
the street," and it is insisted this was error.   It appears
that the witness was being asked for his opinion as to
whether objector's land would be benefited by the improve-
ment for gardening purposes, and the foregoing answer
was given merely as a reason for his opinion.   We do not
see how it could have resulted in any substantial injury to
appellant, even though it was irrelevant.

The next error insisted upon is, that the court below
refused to permit one Hill, a witness for objector, to answer
whether, in his opinion, there was any demand that would
justify a subdivision of objector's land, at the present time,
for business and residence purposes.   It is sufficient to say
of this point, that the witness had already fully answered
the question in his preceding testimony.   He had said :
"In that particular locality there is little or no demand
for lots, because we can sell lots nearer the depot so much
cheaper that there is no particular demand there.   The
opening of the road as contemplated would not enhance
the value of lot 10 any.   It is not any good for a subdivi-
sion."   To have repeated this testimony would have added
nothing to its weight, and amounted to no more than a use-
less waste of time.   The objection to the question was
therefore properly sustained.

An objection to the sixth instruction on behalf of the
petitioner is urged, but it is based on the assumption that
the copy of the assessment roll was improperly admitted
in evidence.   We have already seen that the copy, being
filed by order of the court, became the assessment roll in
the case, and there was therefore no error in the instruc-
tion referring to it as such.

The seventh instruction on behalf of the petitioner is as follows:

"You are instructed that it makes no difference in this case whether or not the property assessed is used at present for such purpose that it will not be especially benefited by the proposed improvement, or is put to any use to which the market value of the same is at present unimportant; and in determining your verdict you may take into consideration the present use to which the lots or tracts are put, and you shall consider whether or not the market value of said lots or tracts, or both, for any legitimate purpose for which the same may be used, will be increased by reason of the construction of the proposed improvement."

It is contended by counsel for appellant "that this instruction does not submit to the consideration of the jury the question whether or not the *present* fair cash market value of the lots will be increased or decreased by the proposed improvement." We are unable to see the force of this objection. No intelligent jury could have understood the language here used to refer to the past or future value of the property.

The only other error suggested in argument of counsel is, that the ordinance under which the proceedings were had, as well as the verdict and judgment in the condemnation proceedings, fails to sufficiently describe the land of objector. The record shows no objection to the assessment on that ground and no exception to any ruling made by the court below in that regard, nor is there any assignment of error raising the question of the sufficiency of the description. Clearly the question of the claimed insufficiency can not, in this condition of the record, be raised here. *Toledo, Peoria and Warsaw Railway Co.* v. *Miller*, 55 Ill. 448; *Wright* v. *Wheeler*, id. 528.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*