CHAUNCEY KILMER

v.

THE PEOPLE ex rel. William T. Johnson.

*Filed at Ottawa May 10, 1883.*

1.  JUDGMENT—*confirmation of assessment, whether final or not.* The confirmation of a special assessment, for some purposes is a final judgment, as an appeal or writ of error lies to review it; but upon application for judgment against the land upon which the assessment has been made, the previous judgment of confirmation must be regarded as but a part of one and the same proceeding, and the court never loses jurisdiction until the proceeding is for some cause discontinued, or culminates in a judgment against the land.

2.  AMENDMENT—*after the term, without notice.* Where the affidavit of the commissioners making a special assessment showing a compliance with the law, required to be filed before judgment of confirmation, showing notice to the owners of property assessed, failed to show the term of court at which the assessment roll would be returned for confirmation, and the assessment was confirmed without discovery of the inadvertent omission to fill the blank as to the term, it was *held*, that the court, on application for judgment against the land at a succeeding term, might allow the affidavit to be amended without notice to the parties interested.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. E. J. WHITEHEAD, for the appellant.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This appeal is brought to reverse a judgment of the county court of Cook county against certain real estate in the village of Hyde Park, belonging to the appellant, upon a special assessment made by the municipal authorities of said village, under the provisions of article 9, chapter 24, of the Revised Statutes.

Counsel for appellant, in his printed brief, urges but a single objection to the validity of the proceedings culminating in the judgment complained of, and to that alone we will direct our attention.

By section 27 of the article above mentioned, the commissioners, upon the completion of the assessment roll, are required, among other things, to "send by mail to such owner of premises assessed, whose name and place of residence are known to them, a notice," properly addressed to such owner, setting forth a short description of the premises; the fact of their assessment for public improvement; the amount of the assessment; the name and term of the court to which the assessment roll will be returned for confirmation, and the date of such notice. By the 28th section one or more of the commissioners, on or before the final hearing of the assessment, are required to file in the court an affidavit showing a compliance with this provision of the act, which affidavit is declared to be *prima facie* evidence of such notice. It appears that the affidavit relied on to show such notice in the present case, by inadvertence failed to show the term of the court to which the assessment roll would be returned for confirmation,—the notice in every other respect being formal and sufficient. This fact being developed on the hearing of the present application, appellee entered a motion for leave to amend the affidavit by inserting the proper term of the court, so as to make it conform to the facts, and in support of such motion introduced as a witness Daniel H. Hoone, who testified that he was one of the commissioners who made the assessment in question; that he posted and mailed the notices of the confirmation of the assessment roll, and that he was the same person who made the affidavit showing the mailing of the notices; that the leaving of the term of the court blank in the affidavit was a clerical error, and the term should be inserted in the affidavit; that he remembered the December term was inserted in the notice of mailing, in this case, etc. The court, thereupon, against the objections of appellant, allowed the affidavit to be amended so as to conform to the facts, and

the ruling of the court in this respect is the only ground urged for a reversal.

The principal objection to the ruling of the court in the respect stated is, that there was no notice of the application to amend the affidavit, and *Pitkin* v. *Yaw*, 13 Ill. 252, and *Massachusetts Mutual Life Ins. Co.* v. *Kellogg*, 82 id. 616, are cited and relied on as showing that notice in such case is indispensable. The general doctrine recognized by these cases, that the record of a cause once finally disposed of can not, after the expiration of the term of the court at which such disposition is made, be altered or amended except upon special notice of the application to all parties who will be affected by such alteration or amendment, is not questioned. The only question then is, does the present case come within the principle? It must be conceded that for some purposes the confirmation of a special assessment is a final judgment. An appeal or writ of error lies to review such a judgment, as in other cases. Nevertheless, upon an application for judgment against the land upon which such an assessment has been made, we are of opinion the previous judgment confirming the assessment should be regarded as but a part of one and the same proceeding, and that the court never loses jurisdiction of the cause until the proceeding, for some cause or other, fails or is discontinued, or until it culminates in a judgment against the land. This being so, it follows the court had the right to allow the amendment in question, notwithstanding the judgment of confirmation. The amendment was clearly in furtherance of justice. It simply made the affidavit speak the facts as they occurred, and as was intended by the party making it.

The judgment will be affirmed.

*Judgment affirmed.*