## ROBERT R. CLARK

### *v.*

## THE PEOPLE *ex rel.* Charles Kern, Collector.

*Filed at Ottawa March 31, 1893.*

1. SPECIAL ASSESSMENTS—*impeaching judgment of confirmation for want of jurisdiction.* On application for judgment against land on a special assessment, the owner can not impeach the judgment of confirmation of the assessment by showing that, in point of fact, no notice was sent him by mail, where the record, on its face, shows that the proper notices were given.

2. SAME—*judgment of confirmation, when void.* Where the affidavit of the mailing of notices of the application for confirmation is not sufficient, on its face, to confer jurisdiction of the persons of those who did not appear, the judgment of confirmation will not conclude the property owners who did not appear, but such parties may show the want of jurisdiction on application for judgment on the special assessment.

3. JUDGMENT—*attacking collaterally for want of jurisdiction.* It is a general rule, that when the court has jurisdiction of the parties and of the subject matter in a particular case, its judgment, unless reversed or annulled in a direct proceeding, is conclusive, and is not open to collateral attack.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Messrs. MONTGOMERY & MONTGOMERY, for the appellant.

Mr. F. W. C. HAYES, and Mr. JOHN S. MILLER, for the appellee.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court :

This was an application to the County Court of Cook county, by the county collector, for judgment against the land of the appellant, for a delinquent special assessment, levied for the purpose of paying the cost of laying drains in Belmont avenue, in the city of Chicago. The appellant appeared specially for the purpose of questioning the validity of the judgment of the County Court confirming the assessment, and interposed certain objections to the effect that the commissioners who made the assessment knew that the appellant was the owner of the premises in question, and knew his name and residence, but neglected to send to him the notice of the assessment which was required by the statute to be sent to him by mail.

In support of his objections, the appellant offered evidence tending to show that at the time the assessment was levied, he was and for thirty years prior thereto had been, the owner of the premises assessed; that one or more of the commissioners who made the assessment knew that he was the owner thereof, and knew his name and residence, but that the appellant received no notice of the assessment by mail, and that no notice was in fact sent to him in that manner. This evidence was excluded, and the appellant's objections were thereupon

overruled, and judgment was rendered for the sale of his land for the assessment.

It appears that one of the commissioners filed his affidavit of the mailing of notices of the assessment to the owners whose premises had been assessed in the statutory form, viz., "that the said commissioners did cause to be sent by mail, to the owners whose premises have been assessed by said commissioners, and whose names and places of residence were known to them, or either of them, the notice required by law to be sent by mail to the owners of premises assessed," (giving a substantial copy of the notice thus sent by mail). With this evidence before it, the court rendered a judgment of confirmation against the appellant by default.

Sufficient proof was made of the posting and publication of notice by the commissioners, and the only question is whether, in this collateral proceeding, the appellant will be permitted to impeach the judgment of confirmation, by showing that, in point of fact, no notice was sent by mail to him. The evidence before the court, at the time that judgment was rendered, was sufficient, *prima facie*, to show compliance by the commissioners with all the provisions of the statute in relation to notice, and to establish the jurisdiction of the court to render a judgment of confirmation, and we are of the opinion that, after having acted upon such evidence, its judgment is not open to collateral attack.

It is the general rule that, where the court has jurisdiction of the parties and the subject matter in a particular case, its judgment, unless reversed or annulled in a direct proceeding, is conclusive, and is not open to collateral impeachment by the parties thereto or their privies. 1 Black on Judgments, sec. 345. This rule has been applied by this court to judgments confirming special assessments so frequently, that it is unnecessary for us to do more than cite the cases where such application has been made. *People* v. *Brislin*, 80 Ill. 423; *Lehmer* v. *The People*, id. 601; *Prout* v. *The People*, 83 id.

154; *C. & N. W. Ry. Co.* v. *The People,* id. 467; *Andrews* v. *The People,* id. 529; *Gage* v. *Parker,* 103 id. 528; *Blake* v. *The People,* 109 id. 504; *Riverside* v. *Howell,* 113 id. 256; *Schertz* v. *The People,* 105 id. 27; *Murphy* v. *The People,* 120 id. 234; *Riebling* v. *People,* 145 id. 120.

It is true that in most of the cases here cited the question of the sufficiency of the notice is not raised, the ground upon which the judgment of confirmation is sought to be impeached being, some defect in the proceedings in which the assessment was levied, not involving the question of jurisdiction in the court of the person of the owners of the premises assessed. But that question seems to have been raised and decided in *Schertz* v. *The People, supra.* That was an application for judgment for a delinquent assessment, and upon such application, a property owner appeared and filed various objections, and among others, that the court had no jurisdiction to enter the judgment of confirmation, and that he, the objector, was not notified, as required by law, of the filing of the report of the commissioners, or of the application for a confirmation thereof. These objections, on motion, were stricken from the files, on the ground that the objector was concluded by the judgment of confirmation. In discussing the propriety of disposing of the objections in that manner, we said: "The record of the entire proceeding, including the previous judgment, upon which the application is founded, was then before the court, and if it appeared from such record that the court had jurisdiction to render the judgment of confirmation, it is clear that the objections were properly stricken from the files. On the other hand, if the proceedings anterior to the judgment confirming the assessment were so defective as not to authorize the court to act at all upon the question of confirmation, then it is equally clear that the objections in question might properly be made upon application for judgment and order of sale of the lots, as well as at any other time, and if such was the case, the court erred in ordering them stricken from the

files.  *  *  *  We have examined the proceedings in the case anterior to the order of confirmation with care, and so far as we are able to discover, they conform substantially to the requirements of the statute on the subject, and we are consequently of opinion that the order in question was, and is, a valid judgment, and that the defenses which appellant now seeks to make, as set forth in the written objections stricken from the files, should have been made on the application to confirm the assessment, and that not having been so made, he is now concluded."

In *Murphy* v. *The People, supra,* we recognized the general rule that a judgment of confirmation is conclusive, but in that case it appeared, as had already been held in the previous case of *Murphy* v. *The City of Peoria,* 119 Ill. 509, involving the same assessment, that the affidavit of the mailing of notices was not sufficient on its face to confer jurisdiction of the persons of those who did not appear, and therefore that the judgment of confirmation did not conclude the property owners who did not appear and contest the right of the city to have the assessment confirmed.

In the present case, so far as appears, the proceedings for the confirmation of the assessment were in all respects regular, and the proof of notice was in strict conformity to the statute, and it must therefore be held that the court had jurisdiction, and that its judgment of confirmation is conclusive. It follows that the court decided correctly in excluding the evidence offered, and in overruling the objections filed.    Its judgment will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHOPE, dissenting.