## The Chicago West Division Railway Company

*v.*

### The People *ex rel.* Charles Kern.

*Filed at Ottawa January 15, 1895.*

1. Public improvement—*when judgment is not invalid for insufficient notice.* A judgment confirming a special assessment cannot be collaterally attacked on the ground that notice was mailed to a corporation of a name different from the owner's, where the statutory affidavit of a commissioner to the mailing of such notice was filed, such affidavit being sufficient to give the court jurisdiction. *Clark* v. *People*, 146 Ill. 348, followed.

2. Same—*presumption that notice was properly sent.* A showing that property was assessed in the roll to "W. Div. Ry. Co.," and that such property was owned by the Chicago West Division Railway Company, will not invalidate the assessment on the ground that no notice was sent to the latter, where the affidavit of the commissioner is that notice was sent to the owners whose premises were assessed and whose names and places of residence were known. It will be presumed, in that case, that notice was mailed to both.

3. Same—*failure of ordinance to locate improvement.* As to the validity of an ordinance objected to as failing to show the locality of a public improvement, the court follows *Stanton* v. *City of Chicago, ante,* p. 23.

Appeal from the County Court of Cook county; the Hon. Frank Scales, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, on the application of the county collector for a judgment upon delinquent special assessments of the city of Chicago for street improvements.

It appears from the evidence introduced on the application for judgment, that on the 25th day of July, 1894, the common council of the city of Chicago passed an ordinance for the improvement of Warren avenue, from Western avenue to Rockwell street, and thereafter a petition was filed in the county court of Cook county reciting said ordinance, in case No. 17,121. Commissioners were appointed in accordance with the prayer of the petition, and in due time returned an assessment roll into

the county court of Cook county.    In the assessment roll
the premises of objector were assessed to and in the name
of "W. Div. Ry. Co."    At the time of the passage of the
ordinance and of the making of the assessment the Chi-
cago West Division Railway Company was the owner in
fee simple of the premises, as appears by stipulation,
although its deed was not of record.

It is claimed by appellant that the judgment of the
county court overruling its objections is erroneous on two
grounds :    First, it is claimed that the county court had
no jurisdiction to confirm the assessment, upon the al-
leged ground that the notice of the assessment and the
term of court at which a final hearing thereon would be
had, which the statute required to be sent by mail to
each owner, was not given to appellant ; and second,
that the ordinance is void because it fails to properly
give the locality of the improvement.

EGBERT JAMIESON, EDWARD MAHER, and CHARLES C.
GILBERT, for appellant :

Notice by publication by a wrong name is not suffi-
cient to bring the party before the court.    *Gardner* v
*State*, 4 Ind. 632 ; *Entrekin* v. *Chambers*, 11 Kan. 368 ; *Water-
bury* v. *Myther*, 16 Wend. 611; *Chamberlain* v. *Blodgett*, 96
Mo. 462 ; *Martin* v. *Barron*, 37 id. 301; *Skelton* v. *Sackett*, 91
id. 377; *Wheelen* v. *Weaver*, 93 id. 430 ; *Kilmer* v. *People*, 106
Ill. 529 ; *Schertz* v. *People*, 105 id. 27.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation
Counsel, for appellee :

From the affidavit it is apparent the statutory notice
was given.    This affidavit is not attempted to be contra-
dicted in any respect, except by matter *dehors.*    This
being the record, and it being against appellant, is con-
clusive.    *Barnett* v. *Wolf*, 70 Ill. 81; *Harris* v. *Lester*, 80 id.
307; *Hunter* v. *Stoneburner*, 92 id. 75 ; *Murphy* v. *People*, 120
id. 234.

154—17

CRAIG, J.:   Section 27 of article 9 of our statute entitled "Cities, Villages and Towns," requires the commissioners who may make an assessment, "to give notice of such assessment, and of the term of court at which a final hearing thereon will be had, in the following manner: First, they shall send by mail to each owner of premises assessed, whose name and place of residence is known to them, a notice ;  *  *  *  second, they shall cause at least ten days' notice to be given by posting notices in at least four public places in such city or village,  *  *  *  and when a daily newspaper is published in such city or village, by publishing the same at least five successive days in such daily newspaper," etc.   No question is made here in regard to the posting of notices or in regard to the publication in a newspaper.   The only claim is, that the notice mailed was addressed and mailed to "W. Div. Ry. Co.," when it should have been addressed and mailed to "Chicago W. Div. Ry. Co."

Section 28 of the statute provides :   "On or before the final hearing the affidavit of one or more of the commissioners shall be filed in said court, stating that they have sent, or caused to be sent, by mail, to the owners whose premises have been assessed and whose name and place of business are known to them, the notice hereinbefore required to be sent by mail to owners of premises assessed."

Upon the application to confirm the assessment the county court had before it the affidavit required by the section of the statute *supra*, which contained the following :   "And that said commissioners did cause to be sent by mail to the owners whose premises have been assessed by said commissioners, and whose names and places of residence were known to them or either of them, the notice required by law to be sent by mail to the owners of premises assessed, a substantial copy of said notice being as follows :" (Then followed a substantial copy of notice sent.)   This affidavit is a part of the record of the county court in the proceeding to confirm the assessment,

and from the affidavit it is apparent that the notice required to be sent by mail to owners was given.

*Clark* v. *People ex rel.* 146 Ill. 348, may be regarded as conclusive of the question.   There, on an application of the county collector for judgment for delinquent taxes and assessments, an owner of land appeared for the purpose of questioning the validity of the judgment confirming the assessment, and interposed objections, to the effect that the commissioners knew that the objector was the owner of certain premises assessed, and knew his name and residence, but failed to send him the notice required by statute.   The record, however, showed an affidavit filed by the commissioners like the one here involved, and in passing on the question the court said : "It appears that one of the commissioners filed his affidavit of the mailing of notices of the assessment to the owners whose premises had been assessed, in the statutory form." (Here follows a copy of affidavit like the one above set out.)   "With this evidence before it, the court rendered a judgment of confirmation against the appellant by default.   Sufficient proof was made of the posting and publication of notice by the commissioners, and the only question is whether, in this collateral proceeding, the appellant will be permitted to impeach the judgment of confirmation by showing that, in point of fact, no notice was sent by mail to him.   The evidence before the court, at the time that judgment was rendered, was sufficient, *prima facie,* to show compliance by the commissioners with all the provisions of the statute in relation to notice, and to establish the jurisdiction of the court to render a judgment of confirmation, and we are of the opinion that, after having acted upon such evidence, its judgment is not open to collateral attack.   It is the general rule that where the court has jurisdiction of the parties and the subject matter in a particular case, its judgment, unless reversed or annulled in a direct proceeding, is conclusive, and is not open to collateral impeachment by

the parties thereto or their privies.    (1 Black on Judgments, sec. 345.)    This rule has been applied by this court to judgments confirming special assessments so frequently, that it is unnecessary for us to do more than cite the cases where such application has been made: *People* v. *Brislin,* 80 Ill. 423 ; *Lehmer* v. *People,* id. 601; *Prout* v. *People,* 83 id. 154 ; *C. & N. W. Ry. Co.* v. *People,* id. 467; *Andrews* v. *People,* id. 529 ; *Gage* v. *Parker,* 103 id. 528 ; *Blake* v. *People,* 109 id. 504; *Riverside Co.* v. *Howell,* 113 id. 256 ; *Schertz* v. *People,* 105 id. 27; *Murphy* v. *People,* 120 id. 234 ; *Riebling* v. *People,* 145 id. 120."

*Kilmer* v. *People,* 106 Ill. 529, and *Schertz* v. *People,* 105 id. 27, are cited by appellant as cases showing that the attack here made is not collateral.    If the notice was mailed, as the record shows it was, the county court acquired jurisdiction to confirm the assessment, and having jurisdiction the judgment of confirmation cannot be called in question collaterally on an application for judgment. This rule has been so well settled and so long adhered to that it should not be departed from, and as we understand the cases cited they do not establish a contrary rule.    Moreover, if the record could be attacked collaterally, we do not regard the facts presented by the objector sufficient to show that the notice required by statute was not mailed to it.    While the assessment roll shows that the property was assessed to "W. Div. Ry. Co.," it does not follow, as seems to be supposed, that no notice was sent to the Chicago West Division Railway Company. From what appears it is more reasonable to suppose that notice was mailed to both parties.

The other question, in regard to the invalidity of the ordinance, is settled adversely to appellant by *Stanton* v. *City of Chicago, ante,* p. 23.

The judgment of the county court will be affirmed.

*Judgment affirmed.*