THE WEST CHICAGO STREET RAILROAD COMPANY *et al.*

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENT—*judgment confirming special assessment cannot be attacked collaterally.* A judgment confirming an assessment for a public improvement, made upon an affidavit of the commissioners that the notice required by law was sent by mail to the owners, cannot be collaterally impeached, on an application for judgment upon a delinquent assessment, by showing that, in point of fact, no notice was sent by mail to the owner.

2. SAME—*abbreviation of name of owner in special assessment.* The abbreviated name "Chicago W. Div. R. R. Co.," in an assessment for a public improvement, sufficiently designates the "Chicago West Division Railway Company."

3. SAME—*affidavit of mailing need not contain copy of notice.* An affidavit of the commissioners of mailing a notice to property owners of an assessment for a public improvement need not contain a true copy of the notice mailed.

4. SAME—*what will sufficiently show location of street.* An ordinance for a public improvement, showing upon its face that it was enacted by the city council of a certain city, sufficiently shows that the street to be improved is within the limits of the city passing the ordinance.

5. APPEALS AND ERRORS—*exception to judgment is not part of record.* An exception to a judgment is not part of the record on appeal, when not contained in the bill of exceptions.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

EGBERT JAMIESON, EDWARD MAHER,.and CHARLES C. GILBERT, for appellants :

Proceedings *in rem,* or *quasi in rem,* are not exempt from the operation of the rule which makes notice of service in some form an essential of jurisdiction. Cooley's Const. Lim. (2d ed.) 498-500, and cases cited; Wells on Jurisdiction, sec. 88; Wade on Notice, (2d ed.) secs. 1144, 1161; Waples on Proceedings in Rem, sec. 88, *et seq.,* and cases cited; *Woodruff* v. *Taylor,* 20 Vt. 65; *Denning* v. *Corwin,* 11 Wend. 647; *Freeman* v. *Thompson,* 53 Mo. 169, and cases cited.

In *Chamberlain* v. *Blodgett,* 96 Mo. 482, it was said: "No one is served by publication who is not correctly named. A publication to 'Miller' is no publication to 'Millen,' the two names not being *idem sonans.*"

A case of this kind does not rest upon the same footing, by any means, as the service of personal process upon the right party by the wrong name. Such service as that is generally held to be good. Wade on Notice, sec. 1318.

Had the party intended as defendant been before the court he must have pleaded the misnomer, or he would be bound by the judgment rendered against him in the name in which he was served. Otherwise, the court will take care that he is not prejudiced by any misnomer. *Waterbury* v. *Myther,* 16 Wend. 611; *Entrekin* v. *Chambers,* 11 Kan. 368; *Gardiner* v. *State,* 4 Ind. 632.

There is no evidence in this case that "W. Div. R. R. Co." and "Chicago West Division Railway Company," the owner of the land, are one and the same person, and this fact will not be presumed. *Louden* v. *Walpole,* 1 Carter, 321; *Bennett* v. *Libhart,* 27 Mich. 489; *Skelton* v. *Sackett,* 91 Mo. 377; *Martin* v. *Barron,* 37 id. 301; *Wheelen* v. *Weaver,* 93 id. 430; *Eskeridge* v. *Jones,* 1 S. & M. 595.

Proceedings must strictly conform to the statute, in the absence of personal service. *Chicago* v. *Wright*, 32 Ill. 192.

The assessment being void, there was nothing to be confirmed by the county court, and appellants were not bound to appear and object. *Marsh* v. *Super*, 42 Wis. 502; *Lyman* v. *People*, 2 Ill. App. 289; *State* v. *City of Hudson*, 29 N. J. 475.

Where the assessors are destitute of authority to assess, the assessment is absolutely void. *Freeman* v. *Kenney*, 15 Pick. 44; *People* v. *Supervisors*, 11 N. Y. 563; *Lyman* v. *Fishe*, 16 Pick. 231.

The legislature cannot declare what shall be conclusive evidence. *Wantlan* v. *White*, 19 Ind. 470; *McCready* v. *Sexton*, 29 Iowa, 352; *Railroad Co.* v. *Parks*, 32 Ark. 131; *Railroad Co.* v. *Payne*, 33 id. 816.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee:

The record must be tried and construed by itself. *Harris* v. *Lester*, 80 Ill. 307.

The record cannot be impeached by the oath of the person on whom the service appears to have been made. *Hunter* v. *Stoneburner*, 92 Ill. 75; *Fahs* v. *Darling*, 82 id. 142; *Murphy* v. *People*, 120 id. 234.

The return made by the county collector to the county court as a basis for his application for judgment is *prima facie* evidence that the amounts are due as therein claimed, and the *onus* is on the objector to show their invalidity. *Brackett* v. *People ex rel.* 115 Ill. 29; *Pike* v. *People*, 84 id. 80.

Where, by a reasonable and natural construction, the return shows that service was properly made, it is sufficient. *Farnsworth* v. *Strasler*, 12 Ill. 482; *Brown* v. *Miner*, 21 Ill. App. 60.

Words may be implied in a return as well as in other written evidence, the implication being justified by what is expressed. *Farnsworth* v. *Strasler*, 12 Ill. 482.

In *State* v. *Brin,* 30 Minn. 532, the words "railway" and "railroad" were held synonymous and interchangeable.

This court has often ruled that the order of confirmation is a final order as to all objections which could have been urged at the time of confirmation. *Blake* v. *People,* 109 Ill. 520; *People* v. *Brislin,* 80 id. 433; *Clark* v. *People,* 146 id. 350, and cases cited.

This court has held that the application for sale for delinquency by the county collector is a collateral proceeding. *Prout* v. *People,* 83 Ill. 159; *Falch* v. *People,* 99 id. 137.

It is too late, after judgment, to raise the question of sufficiency of description. *Kelly* v. *Chicago,* 148 Ill. 90.

The *prima facie* case made by the appellee, as shown by the collector's return, casts upon appellants the burden of proof, and they are required to show the invalidity of the assessment. *Pike* v. *People,* 84 Ill. 80; *Brackett* v. *People,* 115 id. 29.

A sworn return by the collector, with proof of publication, makes a *prima facie* case, upon which he is entitled to judgment, unless cause is shown to the contrary. *Durham* v. *People,* 67 Ill. 414; *Mix* v. *People,* 81 id. 118; *People* v. *Givens,* 96 id. 58.

Upon such a return the court will not look beyond the record to facts contradictory of the return. *Hosmer* v. *People,* 96 Ill. 58.

Assessments and taxes are treated as just debts, and morally and legally should be discharged. *Law* v. *People ex rel.* 87 Ill. 417; *Moore* v. *Wayman,* 107 id. 192; *Purrington* v. *People ex rel.* 79 id. 11; *Chiniquy* v. *People,* 78 id. 570.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This was an application to the County Court of Cook County by the county collector for judgment against lands upon delinquent special assessments of the City of Chicago for street improvements. The special assess-

ment against the property here involved was confirmed by default by said county court in the original special assessment proceeding. The appellants appeared specially in the court below for the purpose of questioning the validity of the judgment confirming the assessment, and filed certain objections attacking the jurisdiction of the county court to render said judgment of confirmation. All the objections were overruled, and judgment was rendered in accordance with the application of the collector. The present appeal is prosecuted from the latter judgment.

*First.* The first objection is, that, in the assessment proceeding, notice of the assessment was not sent by mail to the Chicago West Division Railway Company, which is admitted to be the owner in fee of the land in question. The affidavit of the commissioners, as to the mailing of notices to the property owners, recites "that such commissioners did cause to be sent by mail to the owners, whose premises have been assessed by said commissioners, and whose names and places of residence were known to them or either of them, the notice required by law to be sent to the owners of premises assessed."

It is not contended, that the notice by the commissioners was not posted and published as the statute requires, nor that there was insufficient proof of such posting and publication. The simple question raised by the objection is, whether, in this collateral attack upon the judgment of confirmation, appellants can be permitted to impeach such judgment by showing that, in point of fact, no notice was sent by mail to the owner. This precise question arose in *Clark* v. *The People*, 146 Ill. 348, where the record of the special assessment proceeding showed such an affidavit as is above set forth, and that sufficient proof was made of the posting and publication of the notice by the commissioners; and where we held, that the evidence before the court, at the time the judgment of confirmation was rendered, was sufficient, *prima*

*facie*, to show compliance by the commissioners with all the provisions of the statute in relation to notice, and to establish the jurisdiction of the court to render a judgment, and that, after the court had acted upon such evidence, its judgment was not open to collateral attack.

This disposes of the objection, that the appellant, the West Chicago Street Railroad Company, which is alleged to have had a lease from the Chicago West Division Railway Company, was not mentioned in the assessment roll as having an interest in the property assessed. The property was assessed to the owner of the fee, the Chicago West Division Railway Company, but its name in the assessment roll was written as follows: "Chicago W. Div. R. R. Co." It is not denied that notice was sent by mail to the "Chicago W. Div. R. R. Co.," but it is said that the owner was not the "Chicago W. Div. R. R. Co.," but the "Chicago West Division Railway Company;" that the two designations do not necessarily apply to the same corporation, and that, therefore, notice was not given to the owner of the fee. We are inclined to think, that the abbreviated name, "Chicago W. Div. R. R. Co.," was intended to designate the "Chicago West Division Railway Company," and did sufficiently designate it in the assessment roll. "W.," as an abbreviation, stands for "West," and, when used in a proper connection, this abbreviation is plain and valid in law. (*Sibley* v. *Smith*, 2 Mich. 486; *Frazer* v. *The State*, 106 Ind. 471). "Co." is a well understood abbreviation of the word, "Company." (*Keith* v. *Sturges*, 51 Ill. 142). "R. R." is an equally well understood abbreviation of the word, "Railroad," and it has been held, that "railroad" and "railway" are used interchangeably, and that "they are as nearly exact synonyms as any two words in the language." (*State* v. *Brin*, 30 Minn. 522). We cannot see why the abbreviation "Div." cannot be as well held to stand for "Division" as "Br." for "Branch," and "Citz." for "Citizen." (*Miller* v. *Powers*, 16 Ind. 410; *Locke* v. *Merchants' Nat. Bank*, 66 Ind. 353).

In *Souhegan Factory* v. *McConihe*, 7 N. H. 309, where the corporate name was "The Souhegan Nail, Cotton and Woolen *Factory*," and a tax assessed against the company was entered in the tax list and warrant as against "The Souhegan Nail, Cotton and Woolen *Corporation*," it was held, there being no other corporation of a like description in the town, that the corporation was substantially described by its corporate name, and the tax legally assessed; and it was there said: "As no plea in abatement can be interposed to a warrant for the collection of a tax, it would seem that an objection of misnomer in the assessment of such tax, or rather that the tax was not assessed against the corporation, should be founded upon a substantial variance and not one of mere words and syllables."    Section 26 of article 9 of the City and Village Act requires the commissioners to state in the assessment roll "the names of the owners, so far as known," and section 27 provides that "they shall send by mail to each owner of premises assessed whose name and place of residence is known to them, a notice," etc. (1 Starr & Cur. Stat. pages 495, 496).    Whether the abbreviated name used in the assessment roll was the only name known to the commissioners, or whether they knew the full name and designated it by the abbreviated form, it cannot be assumed in a collateral proceeding that the affidavit of the commissioners was false.    The court had a right to rely upon that affidavit, and it was sufficient to confer jurisdiction.

*Second.*    It is said that the affidavit is insufficient, because, in describing the notice, it states that "the assessment roll will be returned to the September Term of the County Court of Cook County, Illinois, (the date was here given)," without stating the year of the term.    In *Schemick* v. *City of Chicago*, 151 Ill. 336, it has been held, that this objection was not well taken, and that "it is not requisite that the affidavit should contain a copy of the notice mailed."

*Third.* It is said, that the judgment, overruling the objections of appellants, is broad enough to authorize a sale of the land for the whole special assessment, including five installments thereof, whereas the application was for the sale of the land for a delinquent first installment and a delinquent second installment of the special assessment. The judgment is not capable of any such construction. The amount, for which the land is to be sold, can be determined by the delinquent list, which is the basis of the application and judgment. That showed that the land was to be sold for said first and second installments, and not for all of the five installments. The bill of exception shows no exception to the ruling of the Court in entering judgment, and hence any exception to the judgment is not a part of the record in this court. (*Gould* v. *Howe*, 127 Ill. 251).

*Fourth.* Error is alleged to have been committed by the trial court in refusing to admit in evidence the ordinance for the improvement, for the purpose of showing that it was a void ordinance by reason of its failure to show that the street proposed to be improved was a street in the city of Chicago. There was no error in this respect. The ordinance showed upon its face that it was enacted by the city council of the City of Chicago. Where such is the case, it will be presumed that the street to be improved lies within the limits of the city passing the ordinance. An objection to the ordinance on account of any supposed defect or insufficiency in the description of the property will be presumed to have been waived after judgment, in the absence of a bill of exceptions. (*Thomas* v. *City of Chicago*, 152 Ill. 292).

The judgment of the County Court is affirmed.

*Judgment affirmed.*