THE WEST CHICAGO STREET RAILROAD COMPANY *et al.*

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENTS—*ordinance need not state improvement is within city.* An ordinance for the improvement of a designated street, purporting to be passed by the council of a certain city, sufficiently shows that the improvement is within such city. *Stanton* v. *City of Chicago,* 154 Ill. 23, followed.

2. SAME—*sufficiency of affidavit of mailing notices in special assessments.* An affidavit of mailing notice to property owners in a special assessment proceeding is not invalidated because it has attached to it what purports to be a copy of the notice sent, from which copy the year in which the roll is returnable is omitted, such copy being surplusage. *Schemick* v. *City of Chicago,* 151 Ill. 336, followed.

3. SAME—*judgment of confirmation cannot be collaterally attacked.* A judgment confirming an assessment for a public improvement, rendered upon the affidavit of the commissioner made in accordance with the statute, showing service of notice, cannot be collaterally attacked, in a proceeding to collect a delinquent assessment, by proof that the notice was insufficient, or defectively served.

4. NAME—*sufficiency of abbreviated name in notice to property owner.* A notice addressed to "W. Div. R. W. Co." instead of the "Chicago West Division Railway Company," and sent to the place of business of the latter company, is sufficient to bind it by a judgment confirming an assessment against its property.

5. SAME—*failure of assessment roll to give proper name not reversible error.* A judgment upon a special assessment will not be reversed because the assessment roll does not give the proper name of a corporation as the owner of the property assessed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

EGBERT JAMIESON, EDWARD MAHER, and CHARLES C. GILBERT, for appellants.

JOHN F. HOLLAND, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county for a delinquent installment of a special assessment. The assessment was levied by the city of Chicago to pay for improving one of its streets. The delinquent property against which judgment was entered was described in the published list as lot 1, etc., the owner's name being given as "W. Div. R. W. Co." It appears that both these appellants appeared in the court below and filed objections to the application for judgment, the Chicago West Division Railway Company claiming as owner in fee of the property, and the Chicago Street Railroad Company as its lessee. It was stated in the written objections that the appearance was

special, for the purpose of contesting the jurisdiction of the court, but the objections all go to the validity of the assessment sought to be collected. Several objec- tions were filed, but they raise only two questions, which are stated by counsel, in their argument, as grounds of reversal, as follows: First, "the county court did not have jurisdiction of the appellants, or of either of them, when it rendered judgment of confirmation in the assessment proceedings;" and second, "the county court did not have jurisdiction of the subject matter in the particular case." All the objections were overruled, and judgment entered against the lot for the amount claimed, from which both parties appeal.

The argument is confined to the issue between the Chicago West Division Railway Company and appellee. It is insisted on behalf of the relator that the assessment proceedings were valid as against that company, and it being the owner of the property, the other appellant, as its lessee, is equally bound. The correctness of the conclusion of this proposition is not denied, as, clearly, it could not be with any show of reason. There is nothing in the statute providing for the levy of special assessments which requires the lessee of property assessed to be made a party to the proceeding. The Street Railroad Company may therefore be considered out of the case, and the Chicago West Division Railway Company treated as the only appellant.

The objection that the county court did not have jurisdiction of the subject matter of the special assessment is based on the assumption that the ordinance under which it was levied was void, because it failed to describe the improvement as being in the city of Chicago. The ordinance is, in regard to the location of the improvement, in all respects like the one before the court in *Stanton* v. *City of Chicago*, 154 Ill. 23, and the opinion in that case is conclusive against this objection,

The contention that the county court did not have jurisdiction of this company when it confirmed the assessment proceedings is based on the alleged fact that it was not legally notified of the assessment, and of the term of court at which a final hearing thereon would be had. On the trial it offered in evidence the affidavit of Henry Esdohr, one of the commissioners, in which he swore that himself, John McCarthy and John O'Brien, commissioners, etc., did cause to be sent to the owners whose premises have been assessed by said commissioners, and whose names and place of residence were known to them or either of them, the notice required by law to be sent by mail to the owners of the premises assessed, a substantial copy of said notice being as follows:

"Mr. (here the name was inserted,) your (here the description of the premises was inserted,) is assessed (here the amount of the assessment on the premises was inserted) for public improvement. The assessment roll will be returned to the September term of the county court of Cook county, Illinois. (The date was here given.)

HENRY ESDOHR,<br>
JOHN MCCARTHY,<br>
JOHN O'BRIEN,<br>
*Commissioners.*"

The notice was signed and sworn to before a notary public, September 7, 1892. It also offered so much of the assessment roll as related to this lot, which, it was conceded, showed the property was assessed to "W. Div. R. W. Co." as owner. It was also admitted that the notice of the assessment and term of the court at which the final hearing would be had was sent to said "W. Div. R. W. Co." by the commissioners. Both the affidavit and assessment roll were objected to by the petitioner, and excluded.

Counsel argue the case first on the theory that all this evidence was before the court, and they insist that,

inasmuch as the assessment roll showed that the owner's name was there given as "W. Div. R. W. Co.," and it was conceded that the notice was sent to the "W. Div. R. W. Co.," proper notice was not given. Later in the argument it is contended that the court erred in excluding the offered testimony.

We are at a loss to perceive why the affidavit of commissioner Esdohr should have been objected to by the petitioner or why the trial court excluded it, but certainly appellant sustained no injury by that ruling. Under section 28, article 9, of the City and Village act, that affidavit was *prima facie* evidence that the notice to be sent by mail, as required by the preceding section, had been sent. The only criticism made upon it is, that it does not show the year of the term to which the assessment roll would be returned, and that objection is without force, as was expressly held in *Schemick* v. *City of Chicago*, 151 Ill. 336. If, then, the affidavit had been admitted, it would have disproved the allegation that the county court did not have jurisdiction of appellant when it rendered its judgment of confirmation. Section 28, *supra*.

But as we understand counsel for appellant it is contended that affidavit was overcome by the admission that the notice was in fact sent to the "W. Div. R. W. Co." as owner. In the first place, the latter evidence was clearly incompetent. The affidavit of the commissioner being in conformity with the requirements of the statute, and properly before the court, jurisdiction to enter the judgment of confirmation was given by the statute, and it is not now open to collateral attack. This was expressly decided in *Clark* v. *People ex rel.* 146 Ill. 348. Nor is that case out of harmony with *Schertz* v. *People ex rel.* 105 Ill. 27, followed in *Murphy* v. *People ex rel.* 120 id. 234, as contended by appellant's counsel. The cases cited hold that if the record fails to show that the court had jurisdiction

to render judgment confirming an assessment, objections to the proceedings anterior to that judgment may be urged on an application of this kind, but they also hold, as has been often decided before, (following section 39, article 9, chapter 24, of the Revised Statutes,) that where such jurisdiction does appear no objection which could have been urged against the confirmation of the assessment can be made against the petition of the collector for judgment of sale. None of these cases hold, or even intimate, that where the record shows the giving of the required notice of the assessment and term of the court to which it will be returned, that record can be impeached or contradicted by proof *aliunde*, in a collateral proceeding. On principle it seems too clear for argument that such an attack is not permissible. In addition to the *Clark case, supra,* see *Chicago West Division Railway Co.* v. *People ex rel.* 154 Ill. 256, *Meadowcroft* v. *People ex rel.* id. 416, and *West Chicago Street Railroad Co.* v. *People ex rel.* 155 Ill. 299.

We are also of the opinion that if the evidence had been offered in a direct proceeding it would have been wholly insufficient to prove that the county court did not have jurisdiction of appellant when it confirmed the special assessment. No objection is made to the form or substance of the notice, viz., it is not denied that it gave a correct description of the property, amount for which it was assessed, and the term of court to which the roll would be returned. The only complaint is, that it was sent to, the "W. Div. R. W. Co." instead of the "Chicago West Division Railway Company." There was no offer to show that it was not sent to the place of business of appellant, nor that it did not actually receive the notice in due time. It is well known that corporations are frequently, perhaps generally, known by some abbreviation of their names. It can scarcely be doubted that a notice addressed to the "W. Div. R. W. Co." and sent to the place

of business of the "Chicago West Division Railway Company" would be received by the latter as intended for it, especially as it could not fail to see that it related to property owned by it. The vital question in a case where it might properly arise would be, was the *owner* notified as required by statute. The name by which he was designated in the notice would be unimportant, except as it might tend to show that the owner was or was not notified. Section 191 of the Revenue act provides that "in all judicial proceedings of any kind for the collection of taxes and special assessments * * * no assessment of property or charge for any tax shall be considered illegal on account of the property having been charged or listed in the assessment or tax list without name, or in any other name than that of the rightful owner." We think it clear that if appellant had been allowed to introduce all the testimony offered it would still have been bound by the judgment confirming the special assessment. We are also of the opinion that if it was not, the irregularity in the assessment proceeding complained of, —*i. e.*, that the assessment roll did not give its name as owner of the lot,—would, under section 191, *supra*, be no sufficient ground for reversing the judgment below.

The objection that two judgments of sale were rendered by the county court is not sustained by the record, fairly construed. If it was, we would not reverse for that error, but simply enter the proper judgment here. Rev. Stat. sec. 192, chap. 120.

Finding no reversible error in the judgment of the county court, it will be affirmed.

*Judgment affirmed.*