THE PEOPLE *ex rel.* Charles Kern

*v.*

M. W. RYAN.

*Filed at Ottawa June 15, 1895.*

1. PUBLIC IMPROVEMENT—*benefit to lot not open to contest on application for judgment.* The benefit to a lot for which a special assessment is charged thereon cannot be contested upon an application for judgment against the land for a delinquent installment of such assessment.

2. SAME—*recital of record as to notice conclusive on application for judgment.* Lack of notice of a special assessment cannot be set up to defeat an application for judgment against delinquent land, where the record, on its face, shows proper notice.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

JOHN F. HOLLAND, and JOHN MAYO PALMER, Corporation Counsel, for appellant.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county, sustaining, in part, objections to the application of the county collector for judgment against lands for a delinquent first installment of a special assessment levied upon the land of appellee for curbing, grading and paving St. Louis avenue, from Ogden avenue to West Twelfth street, in the city of Chicago.

On the hearing the court permitted the objector to introduce evidence tending to prove his lots were assessed more than they were benefited. We think this was error. The last clause of section 155 of the Cities and Villages act (Starr & Curtis, p. 500,) is as follows : "Said report, (the delinquent list,) when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with, and that the special assessments mentioned in said report are due and unpaid, and upon the application for judgment upon such assessment no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof." If the property of the objector was assessed more than it was benefited, that question should have been raised on the application for a confirmation of the assessment, and not having been raised at that time the judgment of confirmation is a bar. *People* v. *Brislin,* 80 Ill. 423; *Lehmer* v. *People,* id. 601.

The court allowed the objector to testify that he had received no notice of the special assessment proceedings, and this ruling is relied upon as error. On an application for judgment against delinquent lands, where the record shows, on its face, that the proper notice was given in the assessment proceedings, the owner cannot impeach the judgment of confirmation by showing that in fact he did not receive notice. *Clark* v. *People,* 146 Ill. 348.

The judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*