## In re STUTSMAN COUNTY, N. D.

(Circuit Court, D. North Dakota, S. E. D. June 24, 1898.)

1. REMOVAL OF CAUSES—SUITS TO COLLECT TAXES.

   The proceeding for the collection of delinquent taxes provided for by chapter 67 of the Laws of 1897 of North Dakota is a "suit" within the meaning of Act 1887–88.

2. "SUIT" DEFINED.

   A proceeding in a court of common law or equity, which culminates in a judgment that conclusively determines a right or obligation of the parties, so that the same matter cannot be further litigated except by writ of error or appeal, is a "suit," within the meaning of the federal judiciary acts. In re City of Chicago, 64 Fed. 897, criticised.

3. JURISDICTION—MATTERS OF PROCEDURE.

   The act of 1887–88 does not require, as a condition of the removal of a case to the federal court, that in matters of procedure the case be one that could have originally been commenced in such court.

4. SAME—SEPARABLE CONTROVERSY.

   The proceeding under the North Dakota act of 1897 is not a single suit, but as many suits as there are parcels of land; and, if the same person owns several parcels, such suits are consolidated by his joining all the parcels in a single answer.

5. SAME—DIVERSE CITIZENSHIP.

   Where jurisdiction depends upon the citizenship of the parties, it is the party that is named in the record that is meant; and an objection that there might be other parties entitled to defend, but not named in the record, will not avail to defeat jurisdiction.

Frederic Baldwin and S. E. Ellsworth, for complainant.
James B. Kerr, for defendant.

AMIDON, District Judge. Chapter 67 of the Laws of 1897 of the state of North Dakota makes provision for the collection of delinquent taxes by a proceeding in the district court. The enactment is taken from a statute that has long been in force in the state of Minnesota. Section 1 provides that the county treasurer shall make a list of all taxes upon real estate in his county which have been delinquent for certain years. The list is required to contain a description of the parcels of land upon which the taxes have not been paid, and opposite such description the name of the owner to whom assessed, if known, and the amount of the tax, with penalty and interest. Such list is to be verified by the affidavit of the treasurer, and is then filed in the office of the clerk of the district court of the county. "The filing of such list shall have the force and effect of the filing of a complaint in an action by the county against each piece or parcel of land in such list described, to enforce against it the taxes therein appearing against it, and the penalties and interest for the several years for which such taxes shall remain unpaid, and to obtain a judgment or decree of the court for the sale of such piece or parcel of land to satisfy the amount of such taxes remaining unpaid, with penalties, interest, and costs; and also the effect of notice of the pendency of such action, to all persons interested in such lands." Section 2 provides that, in case the land is rented, a writ of attachment shall issue, upon the application of the county treasurer, to seize such rents, and have the same applied in payment of the taxes. Sections 3 and 4 provide that the

clerk shall make a copy of the list so filed with him, and shall publish the same in a newspaper in the county once in each week for three consecutive weeks, and shall attach to the list as thus published a notice to all persons who have or claim any estate, right, title, or interest in, or claim to, or lien upon, any of the several parcels of land in the list described, stating, in substance, that the list has been filed by the county treasurer pursuant to the act in question, and requiring each of such persons within 30 days after the last publication of the notice to file in the office of the clerk of the court his answer, in writing, setting forth any objection or defense against the tax, or penalty, or interest thereon, as to any piece or parcel of land described in the list as to which he claims any interest or lien; and in default thereof that judgment will be entered against such piece or parcel of land for the taxes in the list appearing against it, and for all penalties, interest, and cost. Section 5 requires answer to be filed in the office of the clerk of the district court within 30 days after the last publication of the notice, verified as pleadings in civil actions, and setting forth the defense or objections to the tax or penalty. Section 6 provides for judgment by default as to parcels in respect of which no answer is filed. Section 7 provides as follows: "If answer shall be filed within the time hereinbefore provided as to the taxes or penalties upon any pieces or parcels of land embraced in such list as published, such answer shall stand for trial at any general term of the district court in the county. * * * The court shall proceed without delay, without a jury, and summarily hear and determine objections or defenses made by the several answers, and shall dispose of all such answers, and direct judgment accordingly, at said term, and in the trial thereof shall disregard all technicalities and matters of form not affecting the substantial merits, and any person making answer as herein provided, shall be entitled to a separate trial upon the issues raised by his answer." Section 8 provides for the entry of judgment for the amount of taxes if the court at the hearing shall sustain the same. If the court sustains the defense to the taxes and penalties as to any parcel of land such parcels are by the judgment discharged from the taxes in the list set down against them, and from all penalties, and the court may, in its discretion, award disbursements against the county laying such taxes, and in favor of the party answering, as to the pieces or parcels so discharged. Section 9 provides that, if all the provisions of law in force at the time of the assessment and levy in relation to the assessment and levy of taxes shall have been complied with, of which the lists so filed with the clerk shall be prima facie evidence, then judgment shall be rendered for such taxes, and the interest, penalties, and costs. But no omission of any of the things provided by law in relation to such assessment and levy, or of anything required by an officer to be done prior to the filing of the list with the clerk shall be a defense or objection to the taxes appearing on any piece or parcel of land unless it be also made to appear to the court that such omission resulted to the prejudice of the party objecting, or that the taxes against such piece or parcel of land have been partially, unfairly, or unequally assessed; and in such case, but in no other, the court may reduce the amount of taxes upon such

piece or parcel, and give judgment accordingly. It is a defense when made to appear by answer and proof that the taxes have been paid, or that the property is lawfully exempt from taxation. Section 10 provides that the judgment which the court shall render shall be final, except that upon application of the county, or other party against whom the court shall have decided the point raised by any defense or objection, the court may, if in its opinion the point is of great public importance, or likely to arise frequently, make a brief statement of the facts established bearing on the point, and of its decision, and forthwith transmit the same to the clerk of the supreme court. Provision is then made for a speedy trial by the supreme court of the question so certified. The remaining provisions of the act relate to the sale of property against which judgment has been entered by execution issued upon the judgment.

Under the provisions of this act the treasurer of Stutsman county filed a list of delinquent taxes in the office of the clerk of the district court of that county. Among the lands appearing in this list are several hundred parcels formerly owned by the Northern Pacific Railroad Company, and now held by Edwin H. McHenry and Frank G. Bigelow, as receivers, appointed in an action pending in the circuit court of the United States for the district of Wisconsin, on the 25th day of May, 1896, and in the same action, in the circuit court of the United States for the district of North Dakota, on the 27th day of May, 1896. Within the time provided by the statute for answering, the receivers presented their petition, together with a bond, to the district court of Stutsman county, for the removal into this court of the controversy existing between them and the county. Thereafter motion was made by counsel for the county to remand the cause to the state court. Jurisdiction of this court is asserted upon two grounds: (1) That the suit presents a controversy wholly between citizens of different states, to wit, between the county of Stutsman, a corporation organized under the laws of the state of North Dakota, and the petitioners, one of whom is a citizen of the state of Minnesota and the other a citizen of the state of Wisconsin. (2) That the suit arises under the laws of the United States. Jurisdiction of this court is resisted upon the grounds: First, that the proceeding for the collection of delinquent taxes provided by the statute of North Dakota is not a "suit" within the meaning of the act of 1887 and 1888; second, that such proceeding, if it is a suit, is not a suit of which the federal courts are given original jurisdiction; third, that there is no separable controversy in the proceeding between the county of Stutsman and the petitioners; fourth, that, the notice to answer being addressed to all persons having any interest in or lien upon the property, it may well happen that there are other persons who are residents of North Dakota who are entitled to answer and defend against the taxes, and that for this reason the action, even as to the taxes against the property of the petitioners, involves defendants whose presence would defeat the jurisdiction of this court; fifth, that there may be other persons who have a right to answer and defend against the taxes, who are either citizens of North Dakota or of other states, and who should join in the petition for the removal, and that the possible

presence of such defendants precludes the petitioners from removing the cause into this court upon their petition alone.

In support of the first objection to the jurisdiction of this court it is urged that the proceeding is a purely administrative one for the enforcement of taxes by a sale of the property. An examination of the statute will not sustain this position. Its primary object is to have the validity of the tax judicially determined, and all defenses cut off before the property is sold. The judgment of the court not only sustains such taxes as are found to be legal, it also cancels those that are found to be void. If the only object was to obtain a sale of the property, there was already ample provision in the revenue laws for this, as the treasurer was authorized to sell all property against which taxes had been delinquent for a certain period. Such a sale, however, left the validity of the tax open to contest, and seriously impaired the efficiency of the proceeding as a means of securing the collection of the public revenue, and the object of the statute was to place the judicial determination of all questions affecting the legality of the tax before the sale, instead of after it. The proceeding has every element of a "suit," within the meaning of that term as defined by the supreme court in construing the federal judiciary acts. It "involves the determination of questions of law and fact, and there are parties litigant to contest the case on the one side and the other." Upshur Co. v. Rich, 135 U. S. 467, 477, 10 Sup. Ct. 654. "A claim of the parties, capable of pecuniary estimation, is the subject of the litigation, and is presented by the pleadings for judicial determination." Gaines v. Fuentes, 92 U. S. 10–20; Pacific Railroad Removal Cases, 115 U. S. 19, 5 Sup. Ct. 1113. It has been expressly held by the supreme courts of Minnesota and North Dakota that the proceeding under this statute is a suit, and the same conclusive force is given to a judgment entered therein as to judgments and decrees in actions at law and suits in equity. Chauncey v. Wass, 35 Minn. 1, 25 N. W. 457, and 30 N. W. 826; Wells Co. v. McHenry (N. D.) 74 N. W. 241. It is difficult to appreciate the force of that reasoning which attaches to a proceeding in court, as to its effect upon the rights of the parties, all the consequences of a suit, but, for the purpose of determining the jurisdiction of the federal courts, holds the same proceeding to be purely administrative.

In support of the ground for the motion to remand, now under consideration, counsel rely mainly upon the case entitled In re City of Chicago, 64 Fed. 897. Whether that case was correctly decided must depend upon the effect to which the judgment of the county court, upon the report of the commissioners in the proceeding there under review is entitled. The supreme court of Illinois has repeatedly passed upon that question, and has uniformly held that such judgments possess the same force as judgments in ordinary civil actions, and are open to collateral attack only upon the ground that the court failed to acquire jurisdiction. They conclusively establish all matters affecting the validity of the assessment which precede their rendition, and forever bar a defendant from again litigating any matter which he might have presented by answer. Lehmer v. People, 80 Ill. 601; Clark v. People, 146 Ill. 348, 35 N. E. 60. It is true, as stated in

the opinion in 64 Fed. 899, that the power of taxation is, as to its source, legislative, and, as to its exercise, administrative; but the power of finally determining the validity of a tax is judicial. Before the property of a citizen can be taken, or conclusively charged with liability for a tax, he has the right to a judicial determination of two questions: First, whether the law authorizing the tax is a constitutional exercise of the legislative power; and, second, whether the administrative officers, in imposing the tax, have pursued the authority vested in them by the statute. The determination of these questions by a judgment which can only be assailed by writ of error or appeal is judicial. It can make no difference whether such determination is made in the course of a proceeding by the county or municipality to levy or enforce the tax, or in a proceeding by the owner of the property to defeat it. A judgment which conclusively determines a right or obligation, so that the same matter cannot be further litigated, except by writ of error or appeal, is an exercise of judicial power; and a proceeding in a court of common law or equity, which culminates in such a judgment, is a "suit," within the meaning of the federal judiciary acts. Any other determination exalts matters of form above those of substance. Inasmuch, therefore, as the proceeding under the Illinois statute terminates in a judgment having this conclusive force, it would seem that it ought to be regarded as a suit for the purpose of determining the jurisdiction of federal courts.

It has been held in several decisions that a case cannot be removed into the federal courts unless it could originally have been begun there. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 462, 14 Sup. Ct. 654; Railroad Co. v. Davidson, 157 U. S. 201, 208, 15 Sup. Ct. 563; In re Cilley, 58 Fed. 977. An examination of these decisions, however, will show that the limitation mentioned is based, not upon matters of procedure, but upon those elements specified as essential to jurisdiction in the first section of the act of 1887–88. To confer original jurisdiction, the following facts, and no others, are necessary: (1) A suit of a civil nature at common law or in equity. (2) It must involve at least $2,000, exclusive of interest and costs. (3) It must arise wholly between citizens of different states, or present one of the other conditions mentioned in the last part of the first section. A proceeding which presents these elements is within the original jurisdiction of the federal courts, notwithstanding it may involve matters of procedure which would prevent its commencement in those courts. The section defining the right of removal makes no reference to suits which might have been begun in the federal courts, and the phrase, "of which the circuit courts are given jurisdiction by the preceding section," ought not to be considered as requiring elements not mentioned in the preceding section. The jurisdiction of the federal courts cannot be made to depend upon formal or modal matters; otherwise it would be in the power of the states to defeat that jurisdiction entirely by hostile legislation hedging about the commencement of suits by a statutory procedure, which could not be employed in the federal courts. Railway Co. v. Jones, 29 Fed. 193; In re Jarnecke Ditch, 69 Fed. 161, 163. It has been uniformly held

that matters of procedure are not jurisdictional, but personal, and are subject to waiver by the parties. Powers v. Railway Co., 169 U. S. 92, 18 Sup.. Ct. 264; Duncan v. Associated Press, 81 Fed. 417; Fales v. Railway Co., 32 Fed. 673. So, notwithstanding the proceeding under the North Dakota statute for the collection of taxes is of such a character, owing to 'its procedure, that it could not be commenced in·the federal courts, the controversy which has been removed by the petitioners presents every element mentioned in the first section of the judiciary act as essential to original jurisdiction, and jurisdiction on removal is therefore complete. The case In re Cilley, 58 Fed. 977, rests upon the ground that a proceeding to probate a will has never belonged to the jurisdiction of courts either of common law or chancery, but has for centuries been assigned to separate courts of probate. Such is not the case with a proceeding to determine the validity of taxes. Those proceedings have uniformly been referred to the jurisdiction of courts of chancery or common law.

The other grounds urged by counsel for the county in support of the motion to remand may be considered together. The matter which has been removed to this court is not a "separable controversy," but a separate suit. By section 1 of the statute of North Dakota the proceeding presents as many suits as there are parcels of land, but a defendant owning several parcels would be entitled to a consolidation, and by joining them in his answer, he accomplishes that result. Section 7 of the act contemplates this by expressly providing for a separate trial of the issues raised by each answer, and thus, in effect, makes the controversy presented by each answer a separate suit. See, also, Pacific Railroad Removal Cases, 115 U. S. 1, 22, 23, 5 Sup. Ct. 1113.

The objection that there might be other parties than the petitioners entitled to defend as to the same parcels, whose presence would defeat jurisdiction, is more imaginary than real. In the case of Osborn v. Bank, 9 Wheat. 738, 857, Chief Justice Marshall lays it down "as a rule that admits of no exception, in a case where jurisdiction depends on the party, it is the party named, in the record." In the proceeding under consideration there are no parties defendant named in the record except such as appear and answer, and the petitioners are the only defendants who have thus appeared .with respect to the parcels of land mentioned in their petitions.

It is not necessary to decide whether the jurisdiction of this court can be maintained upon the· ground that the· suit is one arising under the laws of the United States. That would depend upon whether a formal complaint for the enforcement of the taxes would disclose the fact that petitioners hold the property as receivers appointed by a federal court. If such averment would be necessary, then its omission, by reason of the statute making the list a substitute for the complaint, could not avail to defeat jurisdiction. Railroad Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703. But, if such an averment is not essential to a complaint for the enforcement of the taxes, then the suit is not one arising under the laws of the United States, so as to confer jurisdiction on the federal courts. Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738.

It is urged, in support of the motion to remand, that, if this court takes jurisdiction of the matter removed, it will necessarily bring into this court the entire proceeding which was presented to the state court. That, however, is not the case. As already stated, the proceeding which has been removed is, to all intents and purposes, a separate suit, and as to all parcels of land mentioned in the list filed in the office of the clerk of the district court of Stutsman county, except those mentioned in the receivers' petition, the proceeding remains before the state court, wholly unaffected by the removal. The motion to remand is denied.