# THE MIAMI POWDER CO.

## V.

# ZENAS N. HOTCHKISS ET AL.

1. ATTACHMENT—CORPORATION DE FACTO—ESTOPPEL.—A suit in attachment was commenced by appellant, a corporation in Ohio, against appellee. There was no question as to the indebtedness, but appellee filed the plea of *nul tiel* corporation. Appellant offered in evidence the statute law of Ohio, which provided for such corporations as the appellant, and user was abundantly shown. Appellee had given notes to the appellant by its corporate name. *Held*, that appellee can not, under the circumstances, question appellant's corporate existence.

2. PRESUMPTION AS TO LAW REMAINING IN FORCE.—Where a law is shown to have been passed in 1852, it will be presumed that it remained in force until 1855, when the organization of the corporation in question under the statute is claimed to have taken place, and it will be presumed that it is still in force until the repeal is shown.

3. CORPORATION DE FACTO—HOW SHOWN.—Two things are necessary to be shown in order to establish the existence of a corporation *de facto;* the existence of a charter or some law under which a corporation with the powers assumed might lawfully be created, and user by the party to the suit of the rights claimed to be conferred by such charter or law.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed December 4, 1885.

Messrs. WILSON & RAUM, and Messrs. PUTERBAUGH & PUTERBAUGH, for appellant; that defendant can not be heard to deny that the plaintiff was incorporated, cited Lombard v. Ch. Sinai Cong., 64 Ill. 477 ; Ramsey v. P. M. & F. Ins. Co., 55 Ill. 311 ; Stone v. G. W. Oil Co., 41 Ill. 85.; Tarbell v. Page, 24 Ill. 46 ; Mitchell v. Deeds, 49 Ill. 422; Cin., LaF. & Ch. R. R. Co. v. D. & V. R. R. Co., 75 Ill. 116; Thompson v. Candor, 60 Ill. 244; Osborn v. People, 103 Ill. 229 ; Scanlan v. Keith, 102 Ill. 634; Angell & Ames on Corporations (9th Ed.), p. 635 ; Morawetz on Private Corporations, p. 139 ; Palmer v. Lawrence, 3 Sandf. (N. Y.) 161 ; Black River Co..v. Clark, 25 N. Y. 208; Eaton v. Aspinwall, 19 N. Y. 119 ;

Dutchess Col. Mfg. Co. v. Davis, 14 Johns. 238 ; McBroom
v. Lebanon, 31 Ind. 268 ; Ransom v. Priairn Lodge, 51 Ind.
60 ; Ray v. Ind. Ins. Co., 39 Ind. 290 ; Lucas v. Greenv.
Ass., 22 Ohio St. 339 ; Swartwout v. Mich. Air L. R. Co.,
24 Mich. 389.

As to incorporation of plaintiff : Mix v. Nat. Bk. of Bloom-
ington, 91 Ill. 20 ; Field on Corporations, p. 388 ; Methodist
Church v. Pickett, 19 N. Y. 485.

Messrs. STEVENS, LEE & HORTON and Mr. G. B. FOSTER, for
appellees ; cited Ramsey v. Peoria M. & F. Ins. Co., 55 Ill.
313 ; Welland Canal Co. v. Hathaway, 8 Wendell, 482 ; Will-
iams v. Bk. of Mich., 7 Wendell, 543 ; Hammett v. Little
Rock & N. Ry. Co., 20 Ark. 207 ; Merriman v. McGiveny, 12
Tenn. (Heis.) 497 ; Fredenburg v. Lyon Lake M. E. Ch., 37
Mich. 478 ; Greene v. Dennis, 6 Conn. 362 ; Abbott v. Omaha
Smelting Co., 4 Brown (Neb.) 419 ; Buffalo & A. R. R. Co.
v. Carry, 26 N. Y. 75 ; McFarland v. Triton Ins. Co., 4 Denio
(N. Y.) 392 ; Leonardsville Bk. v. Willard, 25 N. Y. 547.

LACEY, J.    There were three suits in attachment com-
menced by the appellant, against Z. N. Hotchkiss, one of the
appellees, and a stock of goods, hardware, amounting to $6,000,
was attached.    The suits were commenced at different times,
but by agreement they were all tried as one suit, the issues be-
ing the same.

The goods were all attached as the property of Z. N. Hotch-
kiss, the debtor.    The other appellee being the son of appel-
lee Z. N. Hotchkiss, and claiming the goods as his own through
purchase from his father, came in and filed his plea of inter-
pleader.    The appellee Z. N. Hotchkiss, filed his plea of the
general issue, as well as the plea of *nul tiel* corporation.

Before the close of the case the court below excluded all the
evidence introduced by the appellant, and directed the jury to
find a verdict for the defendant, Z. N. Hotchkiss, which was
done and a verdict rendered accordingly, upon which a motion
to set aside the verdict and for a new trial was overruled, and a
judgment against appellant for costs was rendered, from which
the appellant has appealed to this court.

The appellant is a corporation, organized and doing business as is claimed under the laws of the State of Ohio, and is engaged in the manufacture of gunpowder. Appellee, Z. N. Hotchkiss, was a hardware merchant, located in the city of Peoria, and had been for many years engaged as the agent of the company in the sale of its powder. Not being able to pay for the powder at all times sold at stated periods of settlement, he was in the habit of giving his notes to the company for balances due. There was no dispute but that the debt from appellee, Zenas N. Hotchkiss, to appellant, was one, and the notes sued are genuine, and there was evidence tending to show the appellant's right to recover on the issues that should have been submitted to the jury, unless the position of the appellees is correct in reference to the evidence on the plea of *nul tiel* corporation. If so, the evidence should have been excluded, and if incorrect, then the court erred in excluding it. This seems to be the only question of importance requiring decision in the case, and we shall notice no other. The question in dispute is whether in this kind of a case it is competent to show a corporation *de facto*, and to establish that fact by showing a law under which it can be formed and user under the incorporation, and whether the appellee, Z. N. Hotchkiss, having dealt with the appellants as a corporation and recognized it sufficiently to procure its goods, is not estopped to deny its existence. It is contended on the part of the appellant that it is enough to establish the fact of the corporation by user, and the facts stated, and it is sufficient to establish a corporation *de facto*. On the other hand it is contended that appellants must establish the existence of the corporation *de jure*.

To establish the existence of the corporation *de facto*, appellants introduced among other things, the statute laws of the State of Ohio, duly proven, of 1852, entitled "Kerwin's Laws of Ohio for 1852." The appellant offered in evidence the note, dated May 3, 1884, for $612.40, payable to appellants by its corporate name, signed by Z. N. Hotchkiss, one of the notes in suit, and also two other similar notes sued on in the same case. The notes were offered to show the indebtedness, and that appellee, Z. N. Hotchkiss, had recognized appellants as a

corporation, and were admitted against objection of appellees. The appellant offered in evidence statement of account by Z. N. Hotchkiss, of August 13, 1884, for same purpose, to show recognition as a corporation, the action being for $725.95, and admitted against objection of appellees. It was also intended to show by the accounts and notes that the appellee knew that the appellant was a corporation, and that he dealt with it as such, and for that reason he could not deny it.

The introduction of this statute was objected to on the ground that it was not shown that it remained in force until 1855, the date of the alleged incorporation, but the court overruled the objection.

The appellant proved user from the date of the incorporation to the time of trial, by showing the election of officers, and continued transaction of business by the appellant during all that time. The appellant offered in evidence a certified copy of the certificate of incorporation, under the act referred to, with the accompanying certificate of the secretary of State of the State of Ohio, which was properly rejected because it did not comply with the act of Congress. The act of the legislature of the State of Ohio making the secretary's certificate evidence, is not operative outside the State of Ohio. The seal of the State is entirely wanting in the certificate which the act of Congress requires. The admission of the statute of the State of Ohio was proper under the evidence, according to the provisions of our present statute, and in showing that the law was passed in 1852 it will be presumed that it remained in force till 1855, when the organization under the statute is claimed to have taken place, and it will be presumed that it is still in force until the repeal is shown.

The court below excluded all the evidence offered by the appellant and therefore the latter dismissed the suit commenced October 23, 1884, and dismissed as to all the counts in declaration filed September 16, 1884, except the 1st and 2d counts of each of such declarations, the counts not dismissed being upon the notes dated May 3, 1884, and April 8, 1884, and left the declaration standing as to the said notes. There was evidence in the case tending to prove the appellant's side

of the issue on the attachment and no dispute that Z. N. Hotchkiss was indebted to the appellant on the notes and account.

If therefore the appellant, under the issue of *nul tiel* corporation, produced sufficient evidence to establish its existence *de facto*, then the court erred both in excluding the evidence and instructing the jury.

That a corporation *de facto* can be proved by user under proper conditions there can be no doubt, and indeed the appellee does not deny this proposition. Appellee concedes in his argument that if appellant had shown the certificate of organization, it would have been sufficient no matter how defective the organization was, and if such fact had been shown and appellee had dealt with it and given his notes, he would be estopped to deny its existence. On the other hand, it is claimed that showing the statute of Ohio under which the incorporation could have been formed, and the fact that defendant dealt with it as an incorporation, and user, is sufficient.

Upon full examination of the law we are satisfied that the law is with the appellant in his claim and that the court below erred in resolving it against it.

In Taylor's Law of Private Corporations, section 145, note 4, as quoted in appellee's brief, it is said: "Two things are necessary to be shown in order to establish the existence of a corporation *de facto*, viz.: The existence of a charter, or some law under which a corporation, with the powers assumed, might lawfully be created, and second, a user by the party to the suit of the rights claimed to be conferred. by such charter or law."

To the same effect is Methodist Church v. People, 19 N. Y. 485, and Morawetz on Private Corp., section 139; Abbot v. Omaha Smelting Co., 4 Brown (Neb.), 419. In Jones v. Cincinnati Type Foundry Co., 14 Ind. 90, it is said: "If the style by which a party is contracted with is, as is usual in creating corporations, viz., naming an ideality but disclosing that of no individual, as is usual in the case of simple partnerships, it has been treated as *prima facie*, at least, indicating

Miami Powder Co. v. Hotchkiss et al.

a corporate existence, and such seems to have been the rule at common law." See also Norris v Stops, Hobart, 11. With this holding of the law we fully concur.

In this case the statute law of Ohio, which was properly proven, provided for such corporations as the appellant herein, and user was abundantly shown, and besides all this the notes were given to appellant by its corporate name of the Miama Powder Co., an ideality such as corporations usually adopt. Hotchkiss gave his notes to it and he must be held to have known that he was dealing with a corporation and obtaining its property, and surely if the corporation was recognized sufficiently by appellee to obtain its property it certainly ought to be good enough so far as the defendant is concerned to receive payment therefor from him, and defendant should be denied the right under the circumstances to question its corporate existence. We also think that the question has been thoroughly settled by the Supreme Court in this State, in favor of appellant. See Mix v. N't'l Bank, Bloomington, Ill., 91 Ill. 20 ; Mitchell v. Deeds, 49 Ill. 422 ; Lombard v. The C. S. C., 64 Ill. 477 ; The C. L. F. & C. R. R. Co. v. The D. & V. R. R. Co., 75 Ill. 113 ; Thompson v. Candor, 60 Ill. 244 ; Hudson v. Green Hill Seminary Co., filed at Ottawa, May 15, 1885. The latter case conclusively settles the question in a case very similar to this one and no stronger in favor of the appellee in that case. The subscription to the capital stock of the company, user, the statute of Indiana, were shown, but no charter or certificate. Yet the corporate existence was upheld, with a citation of many cases. For the error committed by the court below in excluding appellant's evidence and instructing the jury to find against it, the judgment is reversed and cause remanded.

Reversed and remanded.