## John E. Fitzpatrick, Receiver of the Switchmen's Mutual Aid Association of North America, v. George Rutter.

1. CORPORATIONS—*When Corporate Existence Can Not be Denied.*— Where an association assumes a name which imports that it is a corporation, and contracts with persons as if it were a corporation, it can not be heard to deny such representations.

2. COLLATERAL ATTACK—*Declaration Not Filed in Time.*—Rendering a judgment upon a declaration filed but nine days before the commencement of the term in a matter over which the court had jurisdiction is at most but an error which can not be urged in a collateral proceeding as a reason for disregarding the judgment.

3. COURTS OF EQUITY—*Refuse to Enforce Inequitable Decrees.*—When a court of equity is called upon to enforce a decree rendered in another proceeding it will refuse to do so, if, upon examination, such decree is found to be inequitable.

**Creditor's Bill,** upon a judgment obtained by default. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

## STATEMENT OF THE CASE.

This is an appeal from a decree by the Superior Court of Cook County in favor of appellee.

The suit was upon a creditor's bill, based upon a judgment obtained by default, in the Circuit Court of Cook County, in favor of the complainant and against the Switchmen's Mutual Aid Association of North America, sued as a corporation. The bill alleges that the complainant, while insured in the association in the sum of $1,000, sustained an injury to his head, which totally incapacitated him from following the business of a switchman, and that the association refusing to pay the claim, the complainant sued the association at law as a corporation and obtained service upon Wm. E. Simsrott, its grand secretary and treasurer.

The bill further alleges that the association represented itself to the complainant and held itself out to the world as a corporation, and that it was a corporation *de facto.*

The association failed to enter an appearance in the law court, and judgment was rendered against it by default; an execution was duly issued and returned "no property found."

The association, by its board of directors, filed its answer to the bill, alleging that it was a voluntary association having several thousand members throughout the United States and Canada; that it was not incorporated under the

laws of this or any other State or country; that it did not hold itself out to the public or to its members as a corporation, and that it was not a corporation *de facto*.

It is further alleged that the board of directors had no knowledge that the judgment in question had been obtained until a creditor's bill was filed in the Circuit Court on the judgment.

A temporary injunction was granted, without notice, restraining the board of directors and officers of the association from collecting or paying out any moneys.

In order to have it dissolved, the association paid $1,150 into court to abide the result of this suit, and the injunction was thereupon dissolved.

During the pendency of this suit the Circuit Court of Cook County appointed John E. Fitzpatrick receiver of this association, and the said receiver by leave of court was made a party defendant in this cause and filed his answer, which is in substance the same as the answer previously filed by the board of directors. He also filed a cross-bill setting forth substantially the same facts as he stated in the answer and prayed that the judgment be vacated and set aside.

The case was referred to master in chancery Stein, to take testimony and report conclusions. The master took the testimony and reported the date of the filing of the præcipe, the issuing of the summons and the return thereupon; that default was taken and afterward set aside and default again taken and judgment entered against the Switchmen's Mutual Aid Association for $1,050, and that execution issued thereupon; that the declaration was not filed in time for the second term, and that a stipulation was written on the back of the declaration, waiving this objection.

The master further found that Barnum, Humphrey & Barnum had no authority to stipulate for the association, and that even if they had, the facts did not show that they had stipulated waiving this defect.

The master further found that there was no such corporation in existence as the Switchmen's Mutual Aid Associ-

Fitzpatrick v. Rutter.

ation of North America; that it did not hold itself out as a corporation, and that the facts upon which the complainant relied were not sufficient to justify him in believing the association to be a corporation.

The master further found that this was a case wherein a court of equity should refuse to lend its assistance, and recommended that complainant should be relegated to such remedies as he might be able to obtain at common law; and also recommended that receiver's cross-bill be dismissed.

Upon exceptions being filed to the master's report, the court refused to pass on the master's report, or the exceptions thereto, in so far as said report referred to findings of fact or conclusions of fact, but held that the complainant was entitled to a decree, and entered a decree in favor of the complainant, from which decree the receiver has prayed this appeal.

APPELLANT'S BRIEF, JAMES C. McSHANE, ATTORNEY.

While in some cases an association may be estopped from denying corporate existence, yet no conduct upon the part of an unincorporated association will ever make it a corporation. The law prescribes the manner in which a corporation can be formed, and it requires a strict compliance with the statutory regulations in order to incorporate. Gent v. Mfg. and Merchants Ins. Co., 107 Ill. 688; Diversey v. Smith, 103 Ill. 388; Angell & Ames on Corp., 11th Ed., Sec. 783; Creswell v. Oberly, 17 Brad. 283; Bigelow v. Gregory, 73 Ill. 201.

Estoppel *in pais* is based on a fraudulent purpose and fraudulent results. If the element of fraud is wanting there is no estoppel; there must be deception and change of conduct in consequence, in order to estop the party from showing the truth. Davidson v. Young, 38 Ill. 146; Mullanphy Bank v. Schott, 34 Ill. App. 511; Powell et al. v. Rogers, 105 Ill. 318; Chandler v. White, 84 Ill. 435; Meyer v. Erhardt, 88 Ill. 452; Flower v. Elwood, 66 Ill. 447; Hill v. Blackwell, 113 Ill. 290; Mateer v. Green, 31 Ill. App. 471; Keith v. Lynch, 19 Brad. 474.

The bar of estoppel appears to prevail whenever a body, assuming, according to the mode prescribed by law, to be a public or a private corporation, attempts to set up any defect in the steps toward its organization, required by law, against a party who had no notice of such facts when the contract was made. Bigelow on Estoppel (4th Ed.), 525; Dooley v. Cheshire Glass Co., 15 Gray, 494.

A voluntary association can only be sued at law by making all of its members parties defendant. 1 Dicey on Parties to Actions, 149; Detroit S. B. v. Detroit A. V., 44 Mich. 313; Niven v. Spickerman, 12 Johns. (N. Y.) 401; Pipe v. Bateman, 1 Ia. 369; Boyd v. Merriell, 52 Ill. 151; Lloyd v. Loaring, 5 Vesey, 773; 7 Dana 190.

Appellee could not maintain an action against the association at law under any circumstances because he was a member, and one member of a voluntary association can not maintain an action at law against the association or another member. Huth v. Stamm., etc., 61 Conn. 227; McMahon v. Rauhr, 47 N. Y. 67; Warren v. Stearne, 19 Pick. 73; Bailey v. Bancker, 3 Hill. 188.

While there may be some doubt as to the association's right to file an original bill to set aside this judgment, yet when this judgment is made the basis of a creditor's bill, this court has the right to refuse to enforce it : (1) Because it is sought to be enforced against the property of parties who are not defendants in the suit in which it was rendered, and (2) because it is a judgment on its face that any court of review would set aside. Wadhams v. Gay, 73 Ill. 430; Durham v. Field, 30 Ill. App. 123; Shepherd v. Spear, 41 Ill. App. 208; Hamilton v. Houghton, 2 Bligh. P. C. 169, 193; 2 Dan. Ch. Pr., 1586 (Sixth Am. Ed.); O'Connell v. McNamara, 3 Dr. & War. 411; Heuer v. Schafner, 30 Ill. App. 337; Hier v. Kaufman, 134 Ill. 215; Lawrence Mfg. Co. v. Janesville Cotton Mills, 138 U. S. 552; Gay v. Parpart, 106 U. S. 679; White v. Parnther, 1 Knapp P. C. 179; Fadden v. McFadden, 44 Cal. 306; Adams' Equity, *416; Mitf. Ch. Pl. 96; Bean v. Smith, 2 Mason 252; Story Eq. Pl., Sec. 430.

Fitzpatrick v. Rutter.

APPELLEE'S BRIEF, WM. E. HUGHES, ATTORNEY.

The Circuit Court of Cook County is a court of general jurisdiction, and had jurisdiction of the parties and of the subject-matter. The defendant in the common law proceeding might have appeared and divested the court of jurisdiction to render judgment, by demanding a non-suit. Having failed to do this, it can not now complain and avoid its liability under the judgment. Cullander v. Gates, 45 Ill. App. 374.

In a collateral proceeding, the jurisdiction of the Circuit Court to render the judgment must be presumed.

In People v. Seelye, 146 Ill. 221, it is said: "If a court has jurisdiction of the subject-matter and the parties, it is altogether immaterial, where its judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been; its final order can not be regarded as a nullity and can not, therefore, be collaterally impeached."

The rule thus laid down has been frequently recognized by this court. Swiggart v. Harber, 4 Scam. 364; Buckmaster v. Carlin, 3 Scam. 104; Hernandez v. Drake, 81 Ill. 34; Monroe v. People, 102 Ill. 406; Kenny v. Greer, 13 Ill. 432.

Nothing is presumed to be without the jurisdiction of courts of general jurisdiction, except what specially appears to be so.

In Maloney v. Dewey, 127 Ill. 402, the bill attacked collaterally the decree of the United States Circuit Court. It was contended, among other things, that the summons was void because not returnable on a day during the term; that the summons was not properly served. It was held that the decree could not be attacked for such irregularities. See also C. B. & Q. R. R. v. Watson, 113 Ill. 195; Jenkins v. International Bk., 111 Ill. 462; Neff v. Smyth, 111 Ill. 100.

Where there is jurisdiction, a judgment is binding upon all parties until it is reversed in a regular proceeding. See, as affirming the doctrine of the foregoing cases, Tunesma v. Schuttler, 114 Ill. 157; Union National Bk. v. International Bank, 123 Ill. 510; Culver v. Phelps, 130 Ill. 217;

Wenner v. Thornton, 98 Ill. 157; Chudleigh v. C. R. I. &
P. Ry., 51 Ill. App. 491; Magnusson v. Cronholm, 51 Ill.
App. 473.

"Errors intervening after jurisdiction attaches, and which
might have affected the judgment if urged at the proper
time and in the proper forum, can not be effectively insisted
upon in a collateral proceeding, whether in law or equity."
Johnson v. Miller, 50 Ill. App. 60.

"The test of jurisdiction is, whether the tribunal had
power to enter upon the inquiry, not whether its methods
were regular, its findings right, or its conclusions in accord-
ance with the law."

In Callender v. Gates, 45 Ill. App. 374, the defendants
were served in a foreign country. It was held, if they
wished to make that objection it was necessary to appear
and plead to jurisdiction, and a failure to do so will be con-
sidered as a waiver.

The association is estopped to deny it was a corporation
*de facto* at the time it was suited. The exercise of corpo-
rate powers by an association, in the absence of a compli-
ance with the statutes providing for the incorporation of
insurance and indemnity associations, under the facts in this
case, constituted the defendant a corporation *de facto*. Its
corporate existence, however, was an issue which should
have been raised by a plea of *nul tiel corporation*, and it is
now too late to seek the advantage of a lack of diligence on
the part of the defendant and of such a plea.

Under the decisions in Miami Powder Co. v. Hotchkiss
et al., 17 Bradw. 622, U. S. Express Co. v. Bedburn, 34 Ill.
459, and Hudson v. Green Hill Cem. Co., 113 Ill. 618, the
Switchmen's Mutual Aid Association of North America is
properly held a corporation *de facto*. See, also, Bigelow on
Estoppel (4th Ed.), 525; Dooley v. Cheshire Glass Co., 15
Gray 494; West v. Madison Co. Agr. Co., 82 Ill. 205.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION
OF THE COURT.

The name of the association imported that it was a cor-
poration.

It contracted with appellee as if it were a corporation, and can not now be heard to deny its representations. U. S. Express Co. v. Bradbury, 34 Ill. 459; Hudson v. Green Hill Cemetery Assn., 113 Ill. 613; Miami Powder Co. v. Hotchkiss, 17 Ill. App. 622.

Appellant can not in this collateral proceeding, object to the judgment obtained against the association whose receiver he is. The court which rendered judgment against the association had jurisdiction over the subject-matter and over the person of the defendant. Its judgment upon a declaration that had been filed but nine days before the commencement of the term, was at most but error, which can not in this proceeding be argued as a reason for disregarding such judgment. Town of Lyons v. Cooledge et al., 89 Ill. 529; People v. Seelyer, 146 Ill. 189; Clark v. Kern, 146 Ill. 348.

It is true that when a court of equity is called upon to enforce a decree rendered in another proceeding, it will refuse to do so, if, upon examination, such decree is found to be inequitable. Wadhams v. Gay, 73 Ill. 430.

We find as the court below did, that nothing appears to show that the judgment against this *de facto* corporation is inequitable or unjust; and appellee was, as appears, entitled to the aid of a court of equity to enable him to realize upon the judgment of the Circuit Court.

The receiver, who has appealed from the order of the court below, should act impartially for the benefit of all the creditors of this association; and unless there are facts existing not shown by the record here filed, we do not see why he should continue to endeavor to deprive appellee, a judgment creditor, of the rights to which his judgment entitled him. See High on Receivers, Sec. 202.

The decree of the Superior Court is affirmed.